**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **BENYAMIN ANDREW PILANT,** *et al* | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action No.** |
| | ) | **1:11-cv-01077-RMC** |
| v. | ) | |
| | ) | |
| **ISLAMIC REPUBLIC OF IRAN,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION  FOR
SUBSTITUTE SERVICE ON CERTAIN DEFENDANTS PURSUANT TO 28 U.S.C.
1608(b)(3)(C)**

Plaintiffs, by their undersigned attorneys, move this court for an order pursuant to 28

USC §1608(b)(3)(C), directing plaintiffs to make substitute service on each of the following

defendants by serving a summons and a copy of the Amended Complaint (both documents

prepared in English and Farsi) by registered mail, return receipt requested, at any of the

following respective addresses, as listed in the designations of the United States Treasury

Department, Office of Foreign Assets Control ("OFAC"), where  defendants Bank Sepah,

Bank Melli and Bank Saderat respectively do business, as shown on attached **Exhibit "A"**:

**BANK SEPAH**, BANK SEPAH, 64 Rue de Miromesnil, Paris 75008, France;
Hafenstrasse 54, D-60327, Frankfurt am Main, Germany; Via Barberini 50, Rome,
RM 00187, Italy; 17 Place Vendome, Paris 75008, France; all offices worldwide

**BANK MELLI,** BANK MELLI IRAN (a.k.a. BANK MELLI; a.k.a. NATIONAL
BANK OF IRAN); 43 Avenue Montaigne, Paris 75008, France; Room 704-6,
Wheelock Hse, 20 Pedder St, Central,  Hong Kong; Bank Melli Iran Bldg, 111 St 24,
929 Arasat, Baghdad, Iraq; PO Box 2643, Ruwi, Muscat 112, Oman; PO Box 2656,
Liva Street, Abu Dhabi, United Arab Emirates; PO Box 248, Hamad Bin Abdulla St,
Fujairah, United Arab Emirates; PO Box 1888, Clock Tower, Industrial Rd, Al Ain
Club Bldg, Al Ain, Abu Dhabi, United Arab Emirates; PO Box 1894, Baniyas St,
Deira, Dubai City, United Arab Emirates; PO Box 5270, Oman Street Al Nakheel,
Ras Al-Khaimah, United Arab Emirates; PO Box 459, Al Borj St, Sharjah, United
Arab Emirates; PO Box 3093, Ahmed Seddiqui Bldg, Khalid Bin El-Walid St, Bur-
Dubai, Dubai City 3093, United Arab Emirates; PO Box 1894, Al Wasl Rd, Jumeirah,

Dubai, United Arab Emirates; Postfach 112  129, Holzbruecke 2, D-20459, Hamburg, Germany; Nobel Ave. 14, Baku, Azerbaijan; Unit 1703-4, 17th Floor, Hong Kong Club Building, 3 A Chater Road Central, Hong Kong; all offices worldwide

**BANK SADERAT IRAN (a.k.a. IRAN EXPORT BANK**) 5 Lothbury, London EC2R 7HD, United Kingdom; PO Box 4308, 25-29 Venizelou St, Athens, Attica GR 105 64, Greece; PO   Box 15745-631, 16 rue de la Paix,   Paris   75002,   France; Lebanon; Saida Branch, Sida Riad Elsoleh St, Martyrs Sq, Saida, Lebanon; Borj Albarajneh Branch - 20 Alholom Bldg, Sahat Mreijeh, Kafaat St, Beirut, Lebanon; 1st Floor, Alrose Bldg, Verdun - Rashid Karame St, Beirut, Lebanon; PO Box 5126, Beirut, Lebanon; 3rd Floor, Mteco Centre, Mar Elias, Facing Al Hellow Barrak, POB 5126, Beirut, Lebanon; Alghobeiri Branch - Aljawhara Bldg, Ghobeiry Blvd, Beirut, Lebanon; PO Box 1269, Muscat 112, Oman; PO Box 4425, Salwa Rd, Doha, Qatar; PO Box 2256, Doha, Qatar; 2nd Floor, No 181 Makhtoomgholi Ave, Ashgabat, Turkmenistan; PO Box 700, Abu Dhabi, United Arab Emirates; PO Box 16, Liwara Street, Ajman, United Arab Emirates; PO Box 1140, Al-Am Road, Al-Ein, Al Ain, Abu Dhabi, United Arab Emirates; Bur Dubai, Khaled Bin Al Walid St, Dubai City, United Arab Emirates; Sheikh Zayed Rd, Dubai City, United Arab Emirates; PO Box 4182, Almaktoum Rd, Dubai City, United Arab Emirates; PO Box 4182, Murshid Bazar Branch, Dubai City, United Arab Emirates; PO Box 316, Bank Saderat Bldg, Alaroda St, Borj Ave, Sharjah, United Arab Emirates; all offices worldwide.

Plaintiffs further request a direction to make substitute service on defendant agency, Iran Air[1], at any of its worldwide offices that appear on its official Iran Air website.[2]  These include the following  branch offices of Iran Air as shown on **Exhibit "B":**

**IRAN AIR**
33, Champs-Elysees   PARIS 75008; WTC  Tower A Level 3 , Schiphol Blvd. 191, 1118 BG  Schiphol-Amsterdam; 9 Rue Chantepoulet  PO Box1678CH-1201 Geneve; PRINCESA 31, 5th FLOOR NO-6 ,28008 MADRID; Al Maktoum St.  (next to Marriot Apts)Al Salemiyeh Tower, Abu Dhabi; U.T.CUNITED TRAVEL CENTER VESTERBROGADE 6D1.SALI 620, Copenhagen, SveaV. 31  4,tr 10369 Stockholm, Oslo; A-1010 Wien Opernring 1 Vienna; IranAir, Sunder Mahal, Marine Drive, Mumbai- 400020; 1410 Lansdale Ave. N.Vancouver-B C Vancouver; Level 1, 352-358 Kent Street, Sydney NSW 2000-Mailing Address : PO Box Q929, QVB NSW 1230; Al Maktoum St.  (next to Marriot Apts)Al Salemiyeh Tower Dubai; No.17 Vali Konagi St. Harbiye Istanbul; No.17 Vali Konagi St. Harbiye, Moscow; VLAG.Albricci,10 20122, Milan, Italy; C/O Habitation Bldg. 1-3-5 , Akasaka Minato-ku , Tokyo107-0052, Tokyo;:  Via S.Nicola Da Tolentino, 500187 Roma; Kuwait - East Side - Khaled ben Valid St. - Almadina Tower,Kuwait; No.10 , HotelMehran,Shahrah-e-Faisal,karachi,75530Pakistan; Number1,Khaghani Tejarat & Bazargani center,Malekan Bagh,Khaghani 1 Ave,Baku.

---

[1] Iran Air designation by OFAC- See **Exhibit "F"**

[2] See, Iran Air Official Website at:  http://www.iranair.com/desktopdefault.aspx?tabid=403 and website for Iran Air UK at: http://www.iranair.co.uk/

Plaintiffs, further request a direction to make substitute service on the defendant agency National Iranian Oil Company at its international affairs office located at NIOC International Affairs (London) Limited, NIOC House, 4 Victoria Street, London SW1H, United Kingdom, as shown on **Exhibit "C"**.

### PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ALLOW SUBSITUTE SERVICE ON CERTAIN DEFENDANTS PURSUANT TO 28 USC §1608(b)(C)(3)

This memorandum is filed by plaintiffs in support of their Motion to Allow Substitute Service on certain defendants in this action. More particularly, plaintiffs seek an order, pursuant to 28 USC §1608(b)(3)(C), directing  them to serve defendants Bank Sepah, Bank Melli, Bank Saderat, the NIOC and Iran Air with a summons and a copy of the Amended Complaint (both documents prepared in English and in Farsi) by registered mail, return receipt requested, at any of their respective addresses where they do business as listed in the designations of the United States Treasury Department, Office of Foreign Assets Control ("OFAC") or, in the case of Iran Air, as listed on its website.

## I.   PROCEDURAL AND FACTUAL BACKGROUND

### A.  Pleadings

On June 9, 2011, fifteen Plaintiffs, citizens of the United States, filed a Complaint seeking relief against Defendants for providing material support for terrorist activities that caused death or personal injury plaintiffs (or their decedents). The defendants named were The Syrian Arab Republic, The Islamic Republic of Iran and their political subdivisions, agencies and instrumentalities, including Bank Melli, Bank Sepah, Bank Saderat, Iran Air, and the National Iranian Oil Company.

The injuries described in the Complaint were suffered in several terrorist attacks that occurred in Israel during a five year period known as the Second Intifada. The Complaint

sought relief as allowed by 28 USC § 1605A against the defendant foreign states and their agencies and instrumentalities for their roles in jointly providing material support to terrorists.

On January 12, 2012, Plaintiffs filed a motion requesting that the Court enter Rule 55(a) defaults against certain Defendant agencies and instrumentalities of the Islamic Republic of Iran based on their failure to answer or appear after being served with the original Summons and Complaint. Plaintiffs requested, in the alternative, that the Court direct substitute service on the agencies and instrumentalities.

On February 6, 2012, the Court issued an Order severing the various claims that made up the original Complaint, based on the separate terrorist attacks  The Court required the Pilant plaintiffs (as the lead plaintiffs in the original Complaint) to file an amended complaint in this case. The Court denied the motion for entry of Rule 55(a) defaults for insufficiency of service. In light of the order for leave to file an amended Complaint, the Court also found plaintiffs' request to allow substitute service on the agency defendants to be premature.   The Court stated:

> "Because the Court requires that the Pilants file an amended complaint that is substantially different than the existing complaint, the Court will require that the summonses be reissued and new summonses and the amended complaints be served. The alleged service of the original summons and complaint was insufficient to provide notice that could give rise to default. Authorization of substitute service at this time would be premature."

(See, Dkt. #42, 2-16-2012 Order on Motion for Default)

Pursuant to the Court order, on February 21, 2012, the remaining Plaintiffs in this case filed their Amended Complaint (attached as **Exhibit "D").**  The Amended Complaint is substantially identical to the Pilant plaintiffs' original Complaint.  It does not allege any new claims against the Defendants, does not seek any additional relief with respect to the Pilant

Plaintiffs and does not add any new parties.  The Amended Complaint merely redacts the claims of the severed Plaintiffs.

### B.   Prior Efforts at Service of Process on Defendant Agencies and Instrumentalities

On September 8, 2011 Plaintiffs forwarded copies of the Summons, original Complaint, Notice of Suit and the text of the Foreign Sovereign Immunities Act ("FSIA"), along with Farsi translations, to the Clerk of this Court for delivery by registered mail, return receipt, to defendants Bank Melli, Bank Sepah, Bank Saderat, Iran Air, and NIOC at their respective headquarters in Iran. (**Exhibit "G"**)

To date, Plaintiffs have yet to receive responses from the United States Postal Service on these mailings.    Plaintiffs have attempted to track the registered mailings through the United States Postal Service but, the tracking merely indicates that all registered mail packages were processed through the sort facility of the United States Post Office located at Frances Perkins in Washington DC on September 11th between 7:31 am and 10:19 am. No further tacking information is available through the Post Office for these mailings (**Exhibit "H"**). [3]

Plaintiffs have also attempted personal service on Bank Sepah at its branch in Paris, France, but this Court has held that this service was not effective. (See, Dkt. #42, 2-16-2012 Order on Motion for Default, fn. 5).

Plaintiffs also attempted personal service on the Montreal branch of Iran Air using a Canadian Process service.  However, the service was returned as the office closed while process of service was ongoing. (**Exhibit "I"**)

---

[3] Label numbers on the Track and Confirm from the US Post Office match numbers on receipts from the D.C. Court clerk's office evidencing registered mail envelopes for each defendant - delivered to the Francis Perkins Post office in D.C. on September 8, 2011.
.

Plaintiffs also attempted service of Iran Air and Bank Melli personally at their respective addresses in Paris (**Exhibit "J"**)[4] and service on Bank Saderat at its address in the United Kingdom. (**Exhibit "K"**).

In Plaintiffs' original motion requesting substitute service on the agencies, they requested substitute service on these agencies and instrumentalities at the United Nations Permanent Missions of Iran.  (This court had permitted this type of substitute service on Iran's political leaders, see, Order for Alternative Service Upon Defendants-Political Leaders [Dkt. # 32]). However, the original Summons and Complaint were returned unopened/ rejected, and therefore the Plaintiffs do not believe that service of the agencies at the United Nations is a feasible option for substitute service on Iran's agencies.

### C.  Substituted Service Requested

Having filed their Amended Complaint, Plaintiffs renew their request that, pursuant to 1608(b)(3)(C), the Court direct substitute service on the following Iranian agencies: Bank Sepah, Bank Melli, Bank Saderat, Iran Air and the  National Iran Oil Company (NIOC).

Plaintiffs request that service be directed, for Bank Melli, Bank Saderat and Bank Sepah, via registered mail, return receipt requested at their respective addresses on record with the United States Treasury Department Office of Foreign Assets Control ("OFAC"). (**Exhibit "A"**).  Plaintiffs request the Court to direct similar substitute service on defendant agency Iran Air at any of its worldwide offices as shown on their website[5] (**Exhibit "B"**).

---

[4] In its Order on Motion for Default, the Court also rejected service on all agencies as "insufficient to provide notice that could give rise to default," (see, Dkt. #42, 2-16-2012) although the Court did not specify reasons for the rejection of personal service on Bank  Melli and Iran Air at their respective Paris addresses  or personal service on Bank Saderat at its U.K. address,  all by licensed UK process servers.

[5] See Iran Air (English) website at: http://www.iranair.com/desktopdefault.aspx?tabid=403; See also Iran Air UK website at:  http://www.iranair.co.uk/.  Office addresses from Iran Air official (English)  website include: 33, Champs-Elysees  PARIS 75008; WTC  Tower A Level 3 , Schiphol Blvd. 191, 1118 BG  Schiphol-Amsterdam; 9 Rue Chantepoulet  PO Box1678CH-1201 Geneve;  PRINCESA 31, 5th FLOOR NO-6 ,28008 MADRID; Al Maktoum St.  (next to Marriot Apts)Al Salemiyeh Tower, Abu Dhabi; U.T.CUNITED TRAVEL CENTER VESTERBROGADE 6D1.SALI 620, Copenhagen, SveaV. 31  4,tr 10369 Stockholm, Oslo; A-1010 Wien Opernring 1 Vienna; IranAir, Sunder Mahal, Marine Drive, Mumbai- 400020; 1410 Lansdale Ave. N.Vancouver-B C Vancouver; Level 1, 352-358 Kent Street, Sydney NSW 2000-Mailing Address : PO Box

Plaintiffs request that similar substitute service be made on defendant, the National Iranian Oil Company ("NIOC") at its international foreign affairs office located in the United Kingdom.[6]

## II.  ARGUMENT FOR SUBSTITUTE SERVICE ON CERTAIN AGENCY AND INSTRUMENTAILITY DEFENDANTS

Service of process on a foreign sovereign state and its agencies and instrumentalities is controlled by the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §1608.  *See, also,* Fed.R.Civ.P. 4(j)(1).  The FISA provides for two different types of service, depending on whether the defendant is a sovereign state or an agency or instrumentality of a foreign state. 28 U.S.C. §1608(a) and (b).  *See,* 28 U.S.C. §1603(a) and (b) (defining "foreign state" and "agency or instrumentality of a foreign state").

Therefore, it is necessary to determine a defendant to be served under the FSIA is a foreign (to be served under 28 U.S.C. §1608(a)) or an agency or instrumentality of a foreign state (to be served under 28 U.S.C. §1608(b)).  This is generally determined by a "core functions" test. See Roeder v. Islamic Republic of Iran, 357 U.S. App. D.C. 107, 333 F.3d 228, 234 (D.C. Cir. 2003) (citing Transaero, Inc. v. La Fuerza Aerea Boliviana, 308 U.S. App. D.C. 86, 30 F.3d 148, 149-50 (D.C. Cir. 1994)). "[I]f the core functions of the entity are governmental, it is considered the state itself; if commercial, the entity is an agency or instrumentality of the foreign state." Roeder, 333 F.3d at 234.

---

Q929, QVB NSW 1230;  Al Maktoum St.  (next to Marriot Apts)Al Salemiyeh Tower Dubai; No.17 Vali Konagi St. Harbiye Istanbul; No.17 Vali Konagi St. Harbiye, Moscow; VLAG.Albricci,10 20122, Milan, Italy; C/O Habitation Bldg. 1-3-5 , Akasaka         Minato-ku , Tokyo107-0052, Tokyo;:  Via S.Nicola Da Tolentino, 500187 Roma; Kuwait - East Side - Khaled ben Valid St. - lmadinaTower,Kuwait;No.10,HotelMehran,Shahrah-e-Faisal,karachi,75530Pakistan; Number1,Khaghani Tejarat & Bazargani center,Malekan Bagh,Khaghani 1 Ave, Baku and others.

[6] The NIOC International Affairs (London) Limited is a London-based entity that is wholly-owned by NIOC. On November 26, 2008, NIOC was identified by OFAC as an entity that is owned or controlled by the Government of Iran along with the NIOC. (**Exhibit "E"**). Although, the NIOC International Affairs (London) Ltd. is not named as a defendant in this Complaint, according to its website (**Exhibit "C"**) this office is "one of the important directorates under the supervision of the state owned National Iranian Oil Company."]

Under the core functions test, Section 1608(b) applies to the agency defendants at issue since they are government owned and controlled banks, airlines, and oil companies and their core functions are more commercial than governmental.

Section 1608(b), in turn, requires following a hierarchy of possible forms of service. Doty v. Magnum Research, 994 F. Supp. 894 (N.D. Ohio 1997); Ampac Group Inc. v. Republic of Honduras, 797 F. Supp. 973 (S.D.Fla.,1992). If there are any "special arrangement for service between the plaintiff and the agency or instrumentality", those arrangements must be followed. 28 U.S.C. §1608(b)(1). If no special arrangements exist, the Court must determine whether consider the defendant has an appropriate agent to accept service in the United States or whether service may be made "in accordance with an applicable international convention on service of judicial documents." 28 U.S.C. §1608(b)(2). If there is no appropriate agent present in the United States and no controlling international convention, service may be made in any of three ways described in 28 U.S.C. §1608(b)(3). Among these permitted methods of service under 28 U.S.C. §1608(b)(3) is any method "directed by the Court consistent with the law of the place where service is to be made".

Here, service cannot be made under §1608(b)(1) or (b)(2). There are no "special arrangements" that exist between the Plaintiffs and the Iran. Valore v. Islamic Republic of Iran, 700 F. Supp. 2d 52, 70 (D.D.C. 2010); Abur v. Republic of Sudan, 437 F. Supp. 2d 166, 173 (D.D.C. 2006); Sisso v. Islamic Republic of Iran, 448 F. Supp. 2d 76, 80 (D.D.C. 2006), therefore, service cannot be made under 28 U.S.C. §1608(b)(1). Iran is not a party to an "international convention on service of judicial documents;" Valore at 70. Nor are any of the agency officers or authorized agents of these Iranian companies located within the United

States for acceptance of service on behalf of these state owned entities.[7] As a result, Plaintiffs cannot obtain service under 28 USC 1608(b)(2), and so service must be obtained under subsection 1608(b)(3).

> Subsection 1608(b)(3) provides   as follows:
>
> (3) if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state –
>
>> (A) as directed by an authority of the foreign state or political subdivision in response to a letter rogatory  or  request[8] or
>>
>> (B) by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or
>>
>> (C) as directed by order of the court consistent with the law of the place where service is to be made.

28 USC §1608(b)(3).

The express touchstone of adequate service under 28 USC §1608 (b)(3) is that the chosen method must be "reasonably calculated to give actual notice" to the defendants of the pendency and nature of the claims filed against them.  28 USC §1608 (b)(3).  Congress has thereby "established a flexible framework so that American plaintiffs will have a variety of acceptable methods of service, even when relations with the foreign country in question are strained" and so that foreign defendants will get actual notice of the action filed against them. Harris Corp. v. National Iranian Radio and Television, 691 F.2d 1344, 1352 n. 16 (11th Cir. 1982).

The defendants in this case present extraordinary issues impairing the ability to effect service by other means allowed under 28 USC §1608(b).  Each of the defendants on whom

---

[7]   See, Exhibits A, B, C, E, F which   include OFAC's designations and Iran Air's website of its offices worldwide, which do not   list any branches of these agencies located in the United States.

[8] Iran does not honors Letters Rogatory.

plaintiffs seek substituted service has been listed as a Specially Designated Nationals and Blocked Persons List ("SDN List") by OFAC.  (**Exhibits "A", "E**" and **"F"**) *See, also,* 31 C.F.R. §561.201(a)(5), at note.    OFAC is charged with administering and enforcing economic and trade sanctions based on US foreign policy and national security goals against targeted foreign countries and regimes, terrorists, international narcotics traffickers, those engaged in activities related to the proliferation of weapons of mass destruction, and other threats to the national security, foreign policy or economy of the United States.  *See*, OFAC website at: http://www.treasury.gov/about/organizational-structure/offices/Pages/Office-of-Foreign-Assets-Control.aspx.[9]  OFAC acts under Presidential national emergency powers, as well as authority granted by specific legislation, to impose controls on transactions and freeze assets under US jurisdiction.  *Id.*  Many of the sanctions are based on United Nations and other international mandates, are multilateral in scope, and involve close cooperation with allied governments.  *Id.*  As SDN List designees, and as agencies and instrumentalities of the State of Iran, Defendants are substantially barred from engaging in commerce with Americans.  *See,* 31 C.F.R. §201 (United States financial institutions prohibited from opening or maintaining correspondent accounts or payable-through accounts for financial institutions).  *See, also,* 31 C.F.R. §§535.201 and 535.301 (freeze on Iranian assets within the jurisdiction of the United States; "Iran" includes all of its agencies and instrumentalities); 31 C.F.R. §§560.206 and 560.303-304 (No United States person may engage in trade in goods or services of Iranian origin; "Iranian" includes Iranian agencies and instrumentalities).

The five agencies at issue on this motion are government owned and controlled entities whose core purpose is to gain commercial profit for the designated terrorist government. They are also highly sophisticated, international entities with offices and

---

[9] OFAC's decisions are entitled to great deference in US courts. See <u>De Cuelar v. Brady</u>, 881 F.2d 1561, 1565 (11th Cir. 1989); citing to <u>Behring International, Inc. v. Miller</u>, 504 F. Supp. 552 (D.N.J. 1980); see also <u>Zarmach Oil Servs., Inc. v. United States Dep't of the Treasury, 750 F. Supp. 2d 150 (D.D.C. 2010)</u>

subsidiaries operating worldwide, as shown by their OFAC listings and designations as SDNs.

Not surprisingly, Plaintiffs attempts at personal service have already been costly and futile.[10]  Plaintiffs initially attempted service of the original Complaint on all of the defendant agencies at their Iranian headquarters pursuant to 28 § 1608(b)(3)(B) through registered mail, return receipt requested via the U.S. postal service.   Plaintiffs chose this method after learning that neither DHL nor Federal Express currently deliver packages to Iran due to the embargo restrictions by the US government.   As shown above, Plaintiffs cannot obtain service under subsections 1608(b)(1) or (2) and have been unsuccessful with attempts at service under 1608(b)(3) by registered mail on the defendants at their corporate headquarters in Iran, or by attempts at personal service at their offices located in  Europe and Canada.

This Court  is aware of  the difficulties and expenses generally encountered by plaintiffs in this type of case in attempting to effect service  on  foreign state agencies pursuant to Section 1608. See, Baumel v. Syrian Arab Republic, 50 F. Supp. 2d 110, 112 (D.D.C. 2008); See also, Dammarell v. Islamic Republic of Iran, 370 F. Supp. 2d 218, 224-225 (D.D.C. 2005).  Thus, in the case of agencies and instrumentalities, the purpose of the service requirement under 28 U.S.C. §1608(b)(3) is to simply to  make sure the defendant gets notice of the suit, even under difficult circumstances such as the ones found in this case. The standard for service under 1608(b), and especially under 28 U.S.C. §1608(b)(3), is a practical one.  This is in contrast to the more technical requirements of 28 U.S.C. §1608(a) with respect to service of a foreign state.  As explained  in  Baumel v. Syrian Arab Republic, 550 F. Supp. 2d 110, 113 (D.D.C. 2008):

> While "[S]ection 1608(a) 'sets forth the exclusive procedures for service on a foreign state, but contains no such admonition for section 1608(b). Section 1608(b)(3) allows simply delivery 'if reasonably calculated to give actual notice,'

---

[10] This, is in addition to the service that was effected by diplomatic means on Iran and its political subdivisions - the MOIS, IRGC, and Al Quds.

showing that Congress was there concerned with substance rather than form; but the analogous subsection of section 1608(a) says nothing about actual notice." Transaero, Inc. v. La Fuerza Aerea Boliviana, 30 F.3d 148, 154 (D.C. Cir. 1994) (citing H.R. Rep. No. 1487 (1976), at 24, reprinted in 1976 U.S.C.C.A.N. 6604, 6223); id ("The authorities generally hold that section 1608(b) may be satisfied by technically faulty service that gives adequate notice to the foreign state**.** . . .

And, in Nikbin v. Islamic Republic of Iran, 471 F. Supp. 2d 53 (D.D.C. 2007) the Court distinguished between the service provisions for foreign states under § 1608(a) and the provisions for agencies and instrumentalities in § 1608(b) by stating that they are "neatly tailored to the differences between 'foreign states' and 'agencies or instrumentalities.'  The latter, typically international commercial enterprises, often possess a sophisticated knowledge of the United States legal system that other organs of foreign governments may lack." Transaero, 30 F.3d at 154. Therefore, "strict adherence to the terms of [§ ] 1608(a) is required" for service against a foreign state itself, even though technically faulty service under 28 U.S.C. §1608(b) may suffice for agencies or instrumentalities. Transaero at 153-54.

Service by any form of mail requiring returned receipt requested is a method of service sanctioned by the FSIA in 28 USC §1608(b)(3)(B).  Being unable to effect service through the Iranian postal authorities, Plaintiffs simply seek direction to serve these agencies at their foreign branches that either appear on record with OFAC or are listed on their websites, pursuant to 28 USC 1608(b)(3)(C). In the case of the NIOC, the Plaintiffs request service at one of their wholly owned subsidiaries in the United Kingdom, that was also designated by OFAC. Each of these defendants have elected to do business at these locations outside of Iran and service in the manner requested is reasonably calculated to give each of these defendants notice of this suit.

Under the circumstances substitute service of Defendants Bank Melli, Bank Saderat, Bank Sepah, Iran Air, at their offices  located outside their main headquarters in Iran will provide "adequate notice" under the requirements of 28 USC §1608(b)(3)(C). Similarly,

Plainttiffs believe that service on the International Affairs office of the NIOC located outside the main NIOC headquarters in Iran will also provide such adequate notice.

## CONCLUSION

Wherefore, Plaintiffs respectfully request that the Court order substitute service of process of the Amended Complaint, by registered mail, return receipt requested, pursuant to 1608(b)(3)(C) on agency defendants: 1) Bank Saderat, Bank Sepah, Bank Melli at any of their offices designated by OFAC as referenced below; 2)  Iran Air at any of its offices listed on its website as referenced below; and 3) National Iran Oil Company  at its international affairs office as referenced below:

**BANK SEPAH**, BANK SEPAH, 64 Rue de Miromesnil, Paris 75008, France; Hafenstrasse 54, D-60327, Frankfurt am Main, Germany; Via Barberini 50, Rome, RM 00187, Italy; 17 Place Vendome, Paris 75008, France; all offices worldwide. **(Exhibit "A")**

**BANK MELLI,** BANK MELLI IRAN (a.k.a. BANK MELLI; a.k.a. NATIONAL BANK OF IRAN); 43 AvenueMontaigne, Paris 75008, France; Room 704-6, Wheelock Hse, 20 Pedder St, Central,  Hong Kong; Bank Melli Iran Bldg, 111 St 24, 929 Arasat, Baghdad, Iraq; PO Box 2643, Ruwi, Muscat 112, Oman; PO Box 2656, Liva Street, Abu Dhabi, United Arab Emirates; PO Box 248, Hamad Bin Abdulla St, Fujairah, United Arab Emirates; PO Box 1888, Clock Tower, Industrial Rd, Al Ain Club Bldg, Al Ain, Abu Dhabi, United Arab Emirates; PO Box 1894, Baniyas St, Deira, Dubai City, United Arab Emirates; PO Box 5270, Oman Street Al Nakheel, Ras Al-Khaimah, United Arab Emirates; PO Box 459, Al Borj St, Sharjah, United Arab Emirates; PO Box 3093, Ahmed Seddiqui Bldg, Khalid Bin El-Walid St, Bur-Dubai, Dubai City 3093, United Arab Emirates; PO Box 1894, Al Wasl Rd, Jumeirah, Dubai, United Arab Emirates; Postfach 112  129, Holzbruecke 2, D-20459, Hamburg, Germany; Nobel Ave. 14, Baku, Azerbaijan; Unit 1703-4, 17th Floor, Hong Kong Club Building, 3 A Chater Road Central, Hong Kong; all offices worldwide. **(Exhibit "A")**

**BANK SADERAT IRAN (a.k.a. IRAN EXPORT BANK**) 5 Lothbury, London EC2R 7HD, United Kingdom; PO Box 4308, 25-29 Venizelou St, Athens, Attica GR 105 64, Greece; PO    Box 15745-631, 16 rue de la Paix,    Paris    75002,    France; Lebanon; Saida Branch, Sida Riad Elsoleh St, Martyrs Sq, Saida, Lebanon; Borj Albarajneh Branch - 20 Alholom Bldg, Sahat Mreijeh, Kafaat St, Beirut, Lebanon; 1st Floor, Alrose Bldg, Verdun - Rashid Karame St, Beirut, Lebanon; PO Box 5126, Beirut, Lebanon; 3rd Floor, Mteco Centre, Mar Elias, Facing Al Hellow Barrak, POB 5126, Beirut, Lebanon; Alghobeiri Branch - Aljawhara Bldg, Ghobeiry Blvd, Beirut, Lebanon; PO Box 1269, Muscat 112, Oman; PO Box 4425, Salwa Rd, Doha, Qatar;

PO Box 2256, Doha, Qatar; 2nd Floor, No 181 Makhtoomgholi Ave, Ashgabat, Turkmenistan; PO Box 700, Abu Dhabi, United Arab Emirates; PO Box 16, Liwara Street, Ajman, United Arab Emirates; PO Box 1140, Al-Am Road, Al-Ein, Al Ain, Abu Dhabi, United Arab Emirates; Bur Dubai, Khaled Bin Al Walid St, Dubai City, United Arab Emirates; Sheikh Zayed Rd, Dubai City, United Arab Emirates; PO Box 4182, Almaktoum Rd, Dubai City, United Arab Emirates; PO Box 4182, Murshid Bazar Branch, Dubai City, United Arab Emirates; PO Box 316, Bank Saderat Bldg, Alaroda St, Borj Ave, Sharjah, United Arab Emirates; all offices worldwide. (**Exhibit "A"**)

**IRAN AIR**  33, Champs-Elysees   PARIS 75008; WTC  Tower A Level 3 , Schiphol Blvd. 191, 1118 BG  Schiphol-Amsterdam; 9 Rue Chantepoulet  PO Box1678CH-1201 Geneve;  PRINCESA 31, 5th FLOOR NO-6 ,28008 MADRID; Al Maktoum St. (next to Marriot Apts)Al Salemiyeh Tower, Abu Dhabi; U.T.CUNITED TRAVEL CENTER      VESTERBROGADE 6D1.SALI 620, Copenhagen, SveaV. 31  4,tr 10369 Stockholm, Oslo; A-1010 Wien Opernring 1 Vienna; IranAir, Sunder Mahal, Marine Drive, Mumbai- 400020; 1410 Lansdale Ave. N.Vancouver-B C Vancouver; Level 1, 352-358 Kent Street, Sydney NSW 2000-Mailing Address : PO Box Q929, QVB NSW 1230;  Al Maktoum St.  (next to Marriot Apts)Al Salemiyeh Tower Dubai; No.17 Vali      Konagi St. Harbiye Istanbul; No.17 Vali Konagi St. Harbiye, Moscow; VLAG.Albricci,10 20122, Milan, Italy; C/O Habitation Bldg. 1-3-5 , Akasaka      Minato-ku , Tokyo107-0052, Tokyo;:  Via S.Nicola Da Tolentino, 500187 Roma;  Kuwait - East Side - Khaled ben Valid St. - Almadina Tower,Kuwait; No.10  , HotelMehran,Shahrah-e-Faisal,karachi,75530Pakistan;  Number1,Khaghani Tejarat & Bazargani center,Malekan Bagh,Khaghani 1 Ave,Baku. (**Exhibit "B"**)


**NIOC**
NIOC International Affairs (London) Limited, NIOC House, 4 Victoria Street, London SW1H, United Kingdom. (**Exhibit "C"**).


Dated: July 2, 2012



Respectfully submitted,


 /s/ Gavriel Mairone, Esq.
Gavriel Mairone, Esq.
MM~LAW LLC
980 North Michigan Avenue, Suite 1400
Chicago, IL 60611
Tel: (312) 253-7444
Fax: (312) 275-8590
taxlaw@mm-law.com


/s/ Michael J. Miller, Esq.
Michael J. Miller, Esq.

THE MILLER FIRM, LLC
108 Railroad Avenue
Orange, VA 22960
Tel: (540) 672-4224
Fax: (540) 672-3055
Miller809@aol.com